940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ignacio FORTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1474.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ignacio Forte appeals from the district court's order denying his motion to vacate his sentence which he filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February of 1989, a jury found Forte guilty of conspiracy to possess with intent to distribute, and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced to eight years of imprisonment. In support of his motion to vacate sentence, Forte argues that the evidence is insufficient to show the elements of knowledge, intent or acquiescence in order to convict him of the conspiracy charge. After consideration of the relevant facts, the district court denied the motion on March 29, 1991.
 
 
 3
 Upon review, this court concludes that the district court properly denied his motion. Viewed in a light most favorable to the prosecution, the evidence reveals that a rational trier of fact could find, beyond a reasonable doubt, the essential elements of the crime for which Forte was charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Although Forte's participation may have been minor, the connection of this defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt, as there was in this case. United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986) (quoting United States v. Batimana, 623 F.2d 1366, 1368 (9th Cir.), cert. denied, 449 U.S. 1038 (1980)).
 
 
 4
 Moreover, an actual agreement need not be proven. To prove a conspiracy under 21 U.S.C. Sec. 846, the prosecution must only show that the defendant agreed to participate in what he knew to be a joint venture to achieve a common goal. United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir.1986), aff'd, 483 U.S. 171 (1987). A trier of fact may infer knowledge of and participation in a common purpose and plan of conspiracy based on the defendant's actions and reactions to the circumstances. United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991).
 
 
 5
 In light of this court's standard of review of sufficiency of evidence claims, we may not sit as a trier of fact and may not enter a de novo consideration of the evidence. Thus, the conspiracy conviction should not be disturbed, as a rational jury member could find beyond a reasonable doubt that Forte was a member of the conspiracy. Bourjaily, 781 F.2d at 544; United States v. Ayotte, 741 F.2d 865, 867 (6th Cir.), cert. denied, 469 U.S. 1076 (1984).
 
 
 6
 Accordingly, the district court's order denying Forte's petition is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.